UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALEJANDRO TORRES
and other similarly-situated individuals,

      Plaintiff, (s)

v.

THE PAUL INVESTMENT GROUP LLC,
a/k/a UNDISPUTED SERVICES,
a/k/a UNDISPUTED PAINTING SERVICES,
a/k/a UNDISPUTED CLEANING SERVICES LLC,
BENITO PAUL, and SHERLENE MAXINE, individually

      Defendants.

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALEJANDRO TORRES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants THE PAUL INVESTMENT GROUP LLC, a/k/a UNDISPUTED SERVICES, a/k/a UNDISPUTED PAINTING SERVICES, a/k/a UNDISPUTED CLEANING SERVICES LLC, BENITO PAUL and SHERLENE MAXINE, individually and alleges:

1. This is an action to recover money damages for unpaid travel time, which constituted unpaid overtime hours under the United States laws. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff ALEJANDRO TORRES was a resident of Miami, Florida, and at the time relevant to this Complaint, worked in the Miami-Dade County area and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Corporate Defendant, THE PAUL INVESTMENT GROUP LLC, a/k/a UNDISPUTED

    SERVICES, a/k/a UNDISPUTED PAINTING SERVICES, a/k/a UNDISPUTED

    CLEANING SERVICES LLC, (hereinafter, THE PAUL INVESTMENT GROUP, or

    Defendant) is a Florida corporation with a place of business in Miami, FL. Defendant

    performed business in Miami-Dade County within the jurisdiction of this Court. At all

    times material, Defendant was and is engaged in interstate commerce.

4.  The individual Defendants BENITO PAUL, and SHERLENE MAXINE were and are now

    owners/partners and managers of Defendant Corporation THE PAUL INVESTMENT

    GROUP.

5.  All the actions raised in this Complaint took place in Dade County, Florida, within this

    Court's jurisdiction.

GENERAL ALLEGATIONS

6.  Plaintiff ALEJANDRO TORRES brings this cause of action as a collective action to

    recover from Defendants overtime compensation, liquidated damages, and the costs and

    reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended,

    29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current

    and former employees similarly situated to Plaintiff ("the asserted class") who worked

    more than forty (40) hours during one or more weeks on or after November 2017, (the

    "material time") without being compensated overtime wages pursuant to the FLSA.

7.  Corporate Defendant THE PAUL INVESTMENT GROUP provides construction services

    to commercial and residential customers in Miami-Dade County. Defendant THE PAUL

    INVESTMENT GROUP provides these services under the names of UNDISPUTED

SERVICES, UNDISPUTED PAINTING SERVICES, and UNDISPUTED CLEANING SERVICES LLC.

8.  Defendants THE PAUL INVESTMENT GROUP, BENITO PAUL, and SHERLENE MAXINE employed Plaintiff ALEJANDRO TORRES as a general construction worker from approximately November 7, 2017, through December 23, 2018, or 59 weeks. However, for FLSA purposes, the relevant employment period is 43 weeks.

9.  Plaintiff was a non-exempted, full-time, hourly employee.  Plaintiff's regular rate was $14.00 an hour upon information and belief, and Plaintiff's overtime rate should be $21.00 an hour.

10. While employed by Defendants, Plaintiff worked consistently a minimum of 54 hours every week. Plaintiff's official schedule was from Monday to Friday from 7:30 AM to 4:00 PM, which represented 8 hours daily, and 40 working hours per week.  (Plaintiff has deducted 0.5 hrs. X 5 days=2.5 hours of lunch break).  Plaintiff was paid for only 40 hours every week according to the official schedule.

11. However, Plaintiff worked more than 40 hours every week. Plaintiff was not paid for a minimum of 14 travel time hours weekly, which Plaintiff spent traveling from job site to job site to perform multiple tasks during every workday.  Those travel time hours were not counted as hours worked and were not paid to Plaintiff at any rate.  Those travel time hours constituted unpaid overtime hours.

12. Furthermore, Plaintiff was not paid for 3 Saturdays (8 hours each) and 1 Sunday (8 hours), or a total of 24 additional overtime hours.

13. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Defendants did not maintain any time-keeping method, and Plaintiff was paid weekly with checks, without any paystub providing essential information regarding hours worked, wage rate, employment taxes, etc.

15. Plaintiff intends to recover overtime pay for every hour over 40 that he worked during his employment with Defendants and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are employees or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

17. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiff ALEJANDRO TORRES and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in

excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed".

19. The employer, THE PAUL INVESTMENT GROUP, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company serving commercial and residential customers. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

20. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by working on new and renovation construction projects through his daily activities. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

21. Defendants THE PAUL INVESTMENT GROUP, BENITO PAUL, and SHERLENE MAXINE employed Plaintiff ALEJANDRO TORRES as a general construction worker

from approximately November 7, 2017, through December 23, 2018, or 59 weeks. However, for FLSA purposes, the relevant employment period is 43 weeks.

22. Plaintiff was a non-exempt, full-time, hourly employee.  Plaintiff's regular rate was $14.00 an hour upon information and belief, and Plaintiff's overtime rate should be $21.00 an hour.

23. While employed by Defendants, Plaintiff worked consistently a minimum of 54 hours every week. Plaintiff's official schedule was from Monday to Friday from 7:30 AM to 4:00 PM, which represented 8 hours daily, and 40 working hours per week.  (Plaintiff has deducted 0.5 hrs. X 5 days=2.5 hours of lunch break).  Plaintiff was paid for only 40 hours every week, according to the official schedule.

24. However, Plaintiff worked more than 40 hours every week. Plaintiff was not paid for a minimum of 14 travel time hours weekly. Plaintiff spent those hours traveling from job site to job side performing multiple tasks every workday.  Those travel time hours were not counted as hours worked and were not paid to Plaintiff at any rate.  Those travel time hours constituted unpaid overtime hours.

25. Furthermore, Plaintiff was not paid for 3 Saturdays (8 hours each) and 1 Sunday (8 hours), or a total of 24 additional overtime hours.

26. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

27. Plaintiff performed the same or similar duties as that of those other similarly situated employees, whom Plaintiff observed worked over 40 hours per week, but that were not paid overtime at the proper rate.

28. Defendants did not keep any time-keeping method to record Plaintiff's worked hours. Plaintiff was paid bi-weekly with checks without paystubs providing basic information about days and hours worked, the wage rate paid, employment taxes withheld, etc.

29. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the Defendants' possession and custody. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

30. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

32. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted accordingly.

   a.  Total amount of alleged unpaid wages:

   Thirteen Thousand Three Hundred Fourteen Dollars and 00/100 ($13,314.00)

   b.  Calculation of such wages:

   Total weeks of employment: 59 weeks
   Total relevant weeks of employment: 43 weeks
   Total number of hours worked: 54 hours weekly average
   Total number of overtime hours:  14 hours
   Total number of unpaid O/T hours: 14 hours
   Regular wage rate: $14.00 an hour x 1.5 = $21.00 O/T rate

   $21.00 O/T x 14 O/T hours = $294.00 weekly x 43 weeks = $12,642.00

> Additional overtime:
> Overtime for 3 Saturdays and 1 Sunday (8 hours each day) = 32 hours
> $21.00 O/T rate x 32 O/T hours= $672.00

   c.  Nature of wages (e.g., overtime or straight time):

    This amount represents the unpaid overtime hours.

33. At all times material, the Employers/Defendants THE PAUL INVESTMENT GROUP and BENITO PAUL failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

34. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. At the time mentioned, individual Defendants BENITO PAUL and SHERLENE MAXINE were and are now the owners and managers of Defendants Corporation THE PAUL INVESTMENT GROUP. Defendants BENITO PAUL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards

Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in THE PAUL INVESTMENT GROUP's interests concerning its employees, including Plaintiff and others similarly situated. Defendants BENITO PAUL and SHERLENE MAXINE had absolute operational and financial control of the business, and they are jointly liable for Plaintiff's damages.

37. Defendants THE PAUL INVESTMENT GROUP, BENITO PAUL, and SHERLENE MAXINE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States. Defendants remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants THE PAUL INVESTMENT GROUP, as set forth above.

38. The plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALEJANDRO TORRES and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ALEJANDRO TORRES and other similarly situated individuals, and against the Defendants THE PAUL INVESTMENT GROUP, BENITO PAUL, and SHERLENE MAXINE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ALEJANDRO TORRES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just or available

pursuant to Federal Law.

JURY DEMAND

Plaintiff ALEJANDRO TORRES and those similarly situated demand trial by a jury of all issues

triable as of right by a jury.

DATED: March 22, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*